1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    EASTERN DISTRICT OF WASHINGTON

7    UNITED STATES OF AMERICA,

                                           NO:  2:16-CV-212-RMP
8                              Plaintiff,

           v.                              ORDER GRANTING MOTION FOR
9                                          DEFAULT JUDGMENT

10   JOY MARIE HORST, n/k/a JOY
     MARIE ZIMBELMAN,

11                             Defendant.

12

13        Before the Court is the United States' Motion for Default Judgment as to Joy

14   Marie Horst n/k/a Joy Marie Zimbelman, ECF No. 10.  The Court has reviewed the

15   motion, the accompanying Declaration of Assistant United States Attorney Joseph

16   Derrig and accompanying exhibit, and the remaining record and is fully informed.

17   Defendant Joy Marie Zimbelman has not appeared, responded to the Order of

18   Default that was issued by the Clerk of Court on November 7, 2016, or otherwise

19   participated in the pending action.  Accordingly, **IT IS ORDERED** as follows:

20        1.    The United States' Motion for Default Judgment, **ECF No. 10**, is

21              **GRANTED**.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT ~ 1

2.      The United States is awarded judgment against Defendant Joy Marie Zimbelman (formerly known as Joy Marie Horst) in the amount of $166,119.38 ($133,831.89 principal and $32,286.99 interest accrued through November 14, 2016); plus interest to accrue at the rate of $19.2498 per day from and after November 14, 2016, to the date of judgment; plus interest from the date of judgment at the legal rate until paid in full, for costs of suit, including the filing fee allowed pursuant to 28 U.S.C. § 2412(a)(2), and other proper relief.

3.      The debt upon which judgment is based is secured and perfected by the following:

a.  A mortgage recorded April 13, 2007, under File No. 1212779, Official Records of Grant County, Washington.  ECF No. 3-1 at pp. 9-14.

b.  A security agreement dated February 23, 2007, describing a mobile home, executed by Defendant, ECF No. 3-1 at pp.15-20, which was perfected by United States of America acting through the USDA, Farm Service Agency being listed on the certificate of title, ECF No. 3-1 at p. 21.

4.      The foregoing mortgage and security agreement cover the following described property situated in grant County, State of Washington:

a.  The NE quarter of Section 29, Township 22 N, Range 28 E.W.M situated in Grant County, Washington; Assessor's Tax Parcel Number: 171291001.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT ~ 2

b.  Fleetwood, 14X66, Single 1977 Broadmore Mobile Home, VIN

T1DFL2X713131003.

5.     Said mortgage and security agreement, which constitute first and prior

liens upon the property described above, are hereby foreclosed, and Defendant Joy

Marie Zimbelman, and all persons claiming by, through, or under them, are forever

barred and foreclosed from asserting any right, title, or interest in and to said

property, except to the extent that such defendant has rights of redemption under

Wash. Rev. Code chapter 6.23 or excess funds under Wash. Rev. Code chapter

6.21.  The redemption period shall be 12 months.

6.     After the 10-day automatic stay of proceedings to enforce a judgment,

Plaintiff may present a praecipe for an order of sale it to the clerk.  *See* Fed. R. Civ.

P. 62(a) & (f) (nothing 14-day stay unless otherwise under state law for a judgment

on a lien); Wash. CR 62(a) (10-day stay); *see also* 18 Wash. Prac., Real Estate §

19.12 (2d ed.) (describing the enforcement process).  The order of sale shall

provide that the United States Marshal for the Eastern District of Washington is

commanded to levy upon, seize, take into execution and sell, or deliver possession

thereof, according to law, and without appraisement, the above-described real

property, or so much thereof as may be necessary to satisfy the Judgment, interest

and costs, upon giving notice prescribed by law, and make return of writ within

sixty days from date hereof. Upon issuance of the order of sale, said property may

be ordered sold in the manner provided by law with any party to this suit may

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT ~ 3

become a purchaser at such sale and with the proceeds of such sale to be applied first to the expenses thereof, and then in satisfaction of the sums adjudged to be due plaintiff herein.

7.    Under Wash. Rev. Code § 61.12.070, the Court directs in this decree of foreclosure "that the balance due on the mortgage and costs which may remain unsatisfied after the sale of the mortgaged premises, shall be satisfied from any property of the mortgage debtor . . . .." Accordingly, if any deficiency remains after application of the proceeds of the sale pursuant to the Judgment, execution shall be issued for said deficiency against defendant and enforced against any other property of any defendant not exempt from execution.

The District Court Clerk is directed to enter this Order, enter Judgment accordingly, provide copies to counsel and the Defendant, and close this case.

**DATED** January 4, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT ~ 4