FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 04, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>    v.<br><br>JOY MARIE HORST, n/k/a JOY<br>MARIE ZIMBELMAN,<br><br>                              Defendant. | NO:  2:16-CV-212-RMP<br><br>JUDGMENT IN A CIVIL CASE |

**DECISION BY THE COURT:**

This action came before the Court, without oral argument and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that:

Plaintiff the United States of America is awarded judgment against Defendant Joy Marie Zimbelman (formerly known as Joy Marie Horst) in the amount of $166,119.38 ($133,831.89 principal and $32,286.99 interest accrued through November 14, 2016); plus interest to accrue at the rate of $19.2498 per day from and after November 14, 2016, to the date of judgment; plus interest from

JUDGMENT IN A CIVIL CASE ~ 1

the date of judgment at the legal rate until paid in full, for costs of suit, including

the filing fee allowed pursuant to 28 U.S.C. § 2412(a)(2), and other proper relief.

1.    The debt upon which judgment is based is secured and perfected by the following:

     a.    A mortgage recorded April 13, 2007, under File No. 1212779, Official Records of Grant County, Washington.  ECF No. 3-1 at pp. 9-14.

     b.    A security agreement dated February 23, 2007, describing a mobile home, executed by Defendant, ECF No. 3-1 at pp.15-20, which was perfected by United States of America acting through the USDA, Farm Service Agency being listed on the certificate of title, ECF No. 3-1 at p. 21.

2.    The foregoing mortgage and security agreement cover the following described property situated in Grant County, State of Washington:

     a.    The NE quarter of Section 29, Township 22 N, Range 28 E.W.M situated in Grant County, Washington; Assessor's Tax Parcel Number: 171291001.

     b.    Fleetwood, 14X66, Single 1977 Broadmore Mobile Home, VIN T1DFL2X713131003.

3.    Said mortgage and security agreement, which constitute first and prior liens upon the property described above, are hereby foreclosed, and Defendant Joy Marie Zimbelman, and all persons claiming by, through, or under them, are forever

JUDGMENT IN A CIVIL CASE ~ 2

barred and foreclosed from asserting any right, title, or interest in and to said property, except to the extent that such defendant has rights of redemption under Wash. Rev. Code chapter 6.23 or excess funds under Wash. Rev. Code chapter 6.21.  The redemption period shall be 12 months.

4.      After the 10-day automatic stay of proceedings to enforce a judgment, Plaintiff may present a praecipe for an order of sale to the clerk.  *See* Fed. R. Civ. P. 62(a) & (f) (nothing 14-day stay unless otherwise under state law for a judgment on a lien); Wash. CR 62(a) (10-day stay); *see also* 18 Wash. Prac., Real Estate § 19.12 (2d ed.) (describing the enforcement process).  The order of sale shall provide that the United States Marshal for the Eastern District of Washington is commanded to levy upon, seize, take into execution and sell, or deliver possession thereof, according to law, and without appraisement, the above-described real property, or so much thereof as may be necessary to satisfy the Judgment, interest and costs, upon giving notice prescribed by law, and make return of writ within sixty days from date hereof. Upon issuance of the order of sale, said property may be ordered sold in the manner provided by law with any party to this suit may become a purchaser at such sale and with the proceeds of such sale to be applied first to the expenses thereof, and then in satisfaction of the sums adjudged to be due plaintiff herein.

5.      Under Wash. Rev. Code § 61.12.070, the Court directs in this decree of foreclosure "that the balance due on the mortgage and costs which may remain

JUDGMENT IN A CIVIL CASE ~ 3

unsatisfied after the sale of the mortgaged premises, shall be satisfied from any property of the mortgage debtor . . . ..” Accordingly, if any deficiency remains after application of the proceeds of the sale pursuant to the Judgment, execution shall be issued for said deficiency against defendant and enforced against any other property of any defendant not exempt from execution.

**DATED** January 4, 2017.

SEAN F. McAVOY
Clerk of Court

By:    s/Tonia Ramirez
Deputy Clerk

JUDGMENT IN A CIVIL CASE ~ 4