UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>JOY MARIE HORST<br><br>                    Defendant. | NO: 2:16-CV-212-RMP<br><br>ORDER OF SALE<br><br>*U.S. MARSHAL ACTION REQUIRED* |
|---|---|

On January 4, 2017, following an order granting default judgment, this Court entered its judgment in favor of the United States against Defendant Joy Marie Horst, n/k/a Joy Marie Zimbelman. *See* ECF Nos. 12 and 13. On January 18, 2017, the United States moved for an Order of Foreclosure Sale and to Vacate, ECF No. 14. Defendant did not respond to the motion and has not participated in the above-captioned matter.

**IT IS HEREBY ORDERED** that the United States' Motion for an Order of Foreclosure Sale and to Vacate, **ECF No. 14**, is **GRANTED**. The United States Marshal for the Eastern District of Washington, or his representative (collectively, "Marshal"), is directed, in accordance with the judgment rendered in the above-

ORDER OF SALE ~ 1

1 entitled cause, to sell the property situated in Grant County, Washington, more
2 particularly described as follows:

    a. The NE quarter of Section 29, Township 22 N, Range 28 E.W.M situated in Grant County, Washington.

    Assessor's Tax Parcel Number: 171291001

    b. Fleetwood, 14X66, Single 1977 Broadmore Mobile Home, VIN T1DFL2X713131003

(hereinafter collectively the "Property").

You are commanded to provide notice of this Order, and the Sale it directs, to Defendant, and any other resident of the Property by hand delivery or by leaving it in a prominent location on the Property.

You are further commanded to make return hereon, with your doings thereon indicated, within sixty (60) days after this date.

**(1) The terms of the Sale shall be as follows:**

    a. The Marshal will be authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property.

    b. The Marshal is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

ORDER OF SALE ~ 2

c. The sale of the Property shall be free and clear of any right, title, or interest in and to the Property by Defendant Joy Marie Horst n/k/a Joy Marie Zimbelman, except to the extent that the Defendant has rights of redemption under Chapter 6.23 Rev. Code Wash., or excess funds under Chapter 6.21 Rev. Code Wash. The redemption period shall be 12 months.

d. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any.

e. The sale shall be held at the Grant County courthouse, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, and shall be announced in the Notice of Sale.

f. In addition, the date and time for sale are to be announced by the Marshal in the Notice of Sale.

g. The Notice of Sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Grant County, and, at the discretion of the Marshal, by any other notice deemed appropriate. The notice shall contain: a description of the Property; the time, date,

ORDER OF SALE ~ 3

and location of the sale as determined by the United States Marshal or his representative; the minimum bid as determined by the United States; and shall contain the terms and conditions of sale listed in paragraphs i – o below.

h. The minimum bid will be set by the United States for the Property. If the minimum bid is not met or exceeded, the Marshal may, without further permission of the Court, and under the terms and conditions in this Order, hold a new public sale and reduce the minimum bid or sell to the highest bidder.

i. The successful bidder for the Property shall be required to deposit at the time of the same with the Marshal a minimum of ten percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Eastern District of Washington. Before being permitted to bid at the sale, bidders shall display to the Marshal, or his/her representative, proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale.

j. The balance of the purchase price for the Property is to be paid to the Marshal within twenty days after the date the bid is accepted, by a

ORDER OF SALE ~ 4

certified or cashier's check payable to the United States District Court for the Eastern District of Washington. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the Judgment of Defendant at issue herein. The Property shall be again offered for sale under the terms and conditions of this order of sale, or, in the alternative, sold to the second highest bidder.

k. The sale of the Property shall be subject to confirmation by the Court. The Marshal shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, **within thirty days** from the date of receipt of the balance of the purchase price.

l. On confirmation of the sale, the Marshal shall execute and deliver a certificate of sale. Upon the expiration of the redemption period, absent a redemption, the deed shall be executed and delivered immediately to the successful bidder.

m. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

ORDER OF SALE ~ 5

n. Any party to this suit may become a purchaser at such sale. The United States may bid as a credit against its judgment without tender of cash.

o. And, the sale will be "as is" and without warranty of any kind.

**(2) Defendant shall vacate the Property as follows:**

a. Until the Property and chattels are sold, Defendant shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in their current condition including, without limitation, maintaining a fire and casualty insurance policy. Defendant shall neither commit waste against the Property nor cause or permit anyone else to do so. Defendant shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. Defendant shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

b. All persons occupying the Property shall leave and vacate the Property permanently **within thirty days of the date of this Order**,

each taking with them his or her personal property and also leaving all improvements, buildings, fixtures, and appurtenances to the Property. If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the Marshal is authorized to take whatever action he deems appropriate to remove such person from the premises. Specifically, the Marshal is authorized and directed to take all actions necessary to enter the Property at any time of the day or night and evict and eject all unauthorized persons located there, including Defendants, or any other occupants. To accomplish this and to otherwise enforce this Order, the Marshal shall be authorized to enter the Property and any and all structures and vehicles located thereon, and to use force as necessary. When the Marshal concludes that all unauthorized persons have vacated, or have been evicted from the Property, he shall relinquish possession and custody of the Property to the United States, or more specifically to the Farm Services Agency (or its designee). No person shall be permitted to return to the Property and/or remain thereon without the express written authorization by the Marshal and/or the Farm Service Agency, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter

ORDER OF SALE ~ 7

the Property during the time this Order is in effect may be ejected by the Marshal without further order of the Court.

    c. If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the Marshal is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

    d. Any failure to vacate the Property, or any attempt to reenter the Property after the vacate date, could subject that person to being found in contempt of court, and such contempt could be punishable by fine, incarceration, or both.

**(3) Proceeds shall be distributed as follows:**

    a. The proceeds arising from sales are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the order specified:

        i. To the United States for the costs of the sale, including: the costs and commissions of the Marshal and any professional auctioneer if retained; and the costs of advertising, selling, and conveying the property incurred by the Government.

ORDER OF SALE ~ 8

    ii.  To the United States to be applied to the judgment of Defendant Joy Marie Horst n/k/a Joy Marie Zimbelman, ECF No. 13, plus all interest and costs due and owing thereon.

    iii.  Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel and to the United States Marshal.

**DATED** February 22, 2017.

            *s/ Rosanna Malouf Peterson*
            ROSANNA MALOUF PETERSON
            United States District Judge

ORDER OF SALE ~ 9